UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL G. MCPHEE, as administrator of the
estate of GREG B. MCPHEE, deceased,

                  Plaintiff,

-v-

GENERAL ELECTRIC INTERNATIONAL, INC.,

                  Defendant.

No. 09 Civ. 7901 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/10

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Michael McPhee brings this action against Defendant General Electric International, Inc., seeking damages for the death of his brother, Greg McPhee, which occurred in Israel on July 25, 2007. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court held oral argument on the motion on January 25, 2010. For the reasons stated herein, the Court will reserve its decision on the motion pending further submissions from the parties.

### I. LEGAL STANDARD

    On a motion to dismiss under Rule 12(b)(6), the Court must draw all reasonable inferences in Plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

## II. DISCUSSION

Decedent's employment agreement contains a choice-of-law clause providing that "the substantive and procedural law of New York" will apply to any dispute between the parties arising out of the employment relationship. (*See* Decl. of Robert A. Smith Ex. A.) Defendant argues that when New York law is applied to this case, Plaintiff's claims are barred by both the Workers' Compensation statute and the statute of limitations. For two reasons, however, Plaintiff argues that Israeli law actually applies to the case.

First, Plaintiff argues that the choice-of-law clause does not necessarily require the application of New York substantive law. Instead, Plaintiff asserts that the clause requires the application of *all* New York law — including New York's choice-of-law rules, which in this case point to the application of Israeli law. This fanciful argument may be easily rejected, as it has been by other courts in this Circuit:

> Plaintiff argues that New York's conflict principles apply because Section 12 of the Employment Agreement specifically provided that disputes arising out of the employment relationship would be governed by New York law. According to plaintiff, this would require the court to apply the whole law of New York and not merely its substantive law. Plaintiff claims that this compels the conclusion under New York's conflict principles that Connecticut's substantive law and not New York's should apply. Plaintiff provides no authority for his convoluted proposition nor has any been found.

*Economu v. Borg-Warner Corp.*, 652 F. Supp. 1242, 1246 (D. Conn. 1987) (citations omitted); *accord* Restatement (Second) of Conflict of Laws (1971) § 187 ("When [parties] choose the state which is to furnish the law governing the validity of their contract, the parties almost certainly have the "local law," rather than the "law," of that state in mind . . . . To apply the "law" of the

2

chosen state would introduce the uncertainties of choice of law into the proceedings and would serve to defeat the basic objectives, namely those of certainty and predictability, which the choice-of-law provision was designed to achieve.").[1]

Second, Plaintiff argues that even if the clause is read to require the application of New York's substantive law, it is unenforceable because New York lacks sufficient contacts with this litigation. While New York law "allows a court to disregard the parties' choice when the *most significant contacts with the matter in dispute are in another state*," *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003) (internal quotation marks omitted and emphasis added), "it is clear that in cases involving a contract with an express choice of law provision . . . a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." *Aramarine Brokerage, Inc. v. OneBeacon Ins. Co.*, 307 F. App'x 562, 564 (2d Cir. 2009) (internal quotation marks omitted); *accord Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001); *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000). Factors relevant to the existence of sufficient contacts include "(1) the place of contracting; (2) the place of contract negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile of the contracting parties." *See Sabella v. Scantek Med., Inc.*, No. 08 Civ. 453 (CM) (HBP), 2009 WL 3233703, at *12 (S.D.N.Y. Sept. 25, 2009) (noting that these factors are relevant "even when the parties' contract contains a choice of law provision"). The mere assertion that a company's headquarters are located in New York, without any further explanation of the extent of that company's presence in New York, is insufficient to satisfy the

---

[1] The Restatement defines "local law" as "the body of standards, principles and rules, exclusive of its rules of Conflict of Laws." *Id.* § 4(b).

3

contacts test. *See Cap Gemini*, 346 F.3d at 366.

On the existing record, the Court is unable to conclude that the contract has sufficient contracts to New York such that the choice-of-law clause is enforceable. Accordingly, the parties will be directed to make additional submissions regarding the connection between this litigation and New York.

## IV. CONCLUSION

For the reasons stated above, the parties shall each submit evidence, by affidavit or otherwise, describing the connections between this litigation and New York, within seven days of this Order. If the parties require limited discovery for the purpose of determining the nature of the contacts between this matter and New York, they may so request in a joint letter to be submitted no later than seven days from the date of this Order.

SO ORDERED.

DATED:   May 3, 2010
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE